| | | |
|---|---|---|
| **CHERRY REAVES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CAROLINA MEDICAL CENTER, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, (Doc. No. 1), and Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on June 29, 2011. Plaintiff also filed a Motion for District Judge Assignment on July 5, 2011. (Doc. No. 3). Plaintiff's IFP Motion was granted on September 9, 2011. (Doc. No. 4).

28 U.S.C. § 1915(e) provides that the Court must dismiss Plaintiff's case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Plaintiff's allegations against Defendants Mecklenburg County Court, Carolina Medical Center ("CMC"), CMC Assistant Vice President Edward Bethea ("Bethea"), CMC Director of Corporate Security Bryan Warren ("Warren"), CMC Chairman James E.S. Hynes ("Hynes"), CMC Chief Executive Officer Michael C. Tarwater ("Tarwater"), and CMC President and CEO Joseph Piedmont ("Piedmont") must be dismissed as frivolous.

Plaintiff does not allege any facts against CMC or its employees Bethea, Warren, Hynes, Tarwater and Piedmont. Plaintiff's allegations against these defendants are, therefore, **DISMISSED**.

Plaintiff's 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims against the Mecklenburg County Court must be dismissed. 42 U.S.C. § 1985 governs conspiracy to interfere with civil rights. Plaintiff has not alleged that the Mecklenburg County Court engaged in any such conspiracy. Plaintiff's § 1985 claims against the Mecklenburg County Court are **DISMISSED**.

42 U.S.C. § 1983 allows suits against any "person" who violates a citizen's constitutional rights under color of state law. 42 U.S.C. § 1983. But a State is not a "person" within the meaning of Section 1983, and cannot be sued under Section 1983. Buck v. Greenlee, No. 3:10-cv-540, 2011 WL 4595262, at *4 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989)). North Carolina's Constitution invests the judicial power of the state in a General Court of Justice. N.C. Const. art. IV, § 1. The General Court of Justice consists of an Appellate Division, a Superior Court Division, and a District Court Division. Id. at § 2. "The operating expenses of the judicial department, other than compensation to process servers and other locally paid non-judicial officers, shall be paid from State funds." Id. at § 20; see also Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 (4th Cir. 2005) ("the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded"). The Mecklenburg County Superior Court is an arm of the state. Plaintiff's § 1983 claims against the "Mecklenburg County Court" are **DISMISSED**.

Plaintiff alleges that Department of Social Services ("DSS"), Youth and Family Services ("YFS"), Social Worker P.J. Gibson ("Gibson"), Social Worker Lisa Dipaolo ("Dipaolo"), Planner Shea Laws ("Laws"), Director of DSS Mary Wilson ("Wilson") and Director of YFS Paul Risk ("Risk") (collectively, the "DSS Defendants") unlawfully seized her children and that the seizure violated her right to custody. See White by White v. Chambliss, 112 F.3d 731, 735 (4th Cir. 1997). Plaintiff also alleges that her children were removed from her custody without a

hearing.  See N.C. GEN. STAT. § 7B-506 (nonsecure custody hearing); § 7B-901 (dispositional

hearing); § 7B-907 (permanency hearing); § 7B-906 (custody hearing).  Plaintiff's claims against

the DSS Defendants are not frivolous and survive initial review.

Plaintiff also filed a Motion for District Judge Assignment.  (Doc. No. 3).  As Plaintiff's

case has been assigned to United States District Court Chief Judge Robert J. Conrad, Jr.,

Plaintiff's Motion for District Judge Assignment, (Doc. No. 3), is **DISMISSED** as moot.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's allegations against Defendants Mecklenburg County Court, Carolina

    Medical Center, Edward Bethea, Bryan Warren, James E.S. Hynes, Michael C.

    Tarwater, and Joseph Piedmont are **DISMISSED** as frivolous;

2.  The Clerk shall prepare and issue service of process on defendants Department of

    Social Services, Youth and Family Services, P.J. Gibson, Lisa Dipaolo, Shea

    Laws, Mary Wilson and Paul Risk; and

3.  Plaintiff's Motion for District Judge Assignment, (Doc. No. 3), is **DISMISSED**

    as moot.

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge